[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 08-10787
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket  No. 02-80034-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE D. GARVIN,

Defendant-Appellant.

-----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-----------------------------------------

**(August 28, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant Willie Garvin appeals the denial of a motion protesting the 188-month sentence imposed after he pled guilty to possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because no reversible error has been shown, we affirm.

Garvin initially pled guilty to possession of a firearm by a convicted felon. In exchange for his plea, the government agreed to recommend a three-level reduction in base offense. Garvin was advised that he could be sentenced to a term of up to ten years in prison.

At that time, the government knew that Garvin had been convicted of two prior criminal acts that qualified as a "violent felony" or a "serious drug offense" for sentence enhancement under 18 U.S.C. § 924(e).[1] The government relied on this information to calculate a ten-year maximum sentence for Garvin's plea agreement. But when the government received Garvin's PSI, it identified a third predicate offense which qualified Garvin as an armed career criminal.[2] Pursuant to U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e), an armed career criminal must serve a mandatory minimum of fifteen years to life in prison.

At sentencing, the government informed the court of Garvin's third predicate offense and the resulting sentence enhancement. After consultation with

---

[1] Possession of cocaine with intent to sell and aggravated battery.

[2] A second prior conviction for possession of cocaine with intent to sell.

his lawyer, and in the light of the new penalty, Garvin entered a new guilty plea.[3]

The court determined the applicable guideline range to be 188 to 235 months; it

sentenced Garvin to 188 months and five years of supervised release--the "low

end" of the range. Garvin neither objected at sentencing nor directly appealed the

sentence.

Eleven months later, Garvin filed a motion to vacate his sentence pursuant

to 28 U.S.C. § 2255; it was denied. He then applied for a Certificate of

Appealability, which we denied. Later, Garvin filed, and was denied, a Fed. R.

Civ. P. 60(b) motion for relief from judgment.[4]

Garvin then filed a pro se nunc pro tunc motion claiming his "actual

innocence" of an "illegal sentence enhancement." Defendant did not claim

innocence of the crimes for which he was convicted, but rather that two

convictions did not qualify for armed career criminal enhancement because they

failed to meet the definition of a "serious drug offense."[5] After reviewing the

---

[3]Defendant pled guilty to possessing a .9 millimeter firearm but disputed the government's allegation that he committed a robbery while possessing it. After hearing testimony from the robbery victim, the court found that Garvin did, in fact, commit the alleged robbery.

[4]The district court construed this as a motion to vacate under section 2255.

[5]Defendant's contention is based on semantics: he contends that intent "to sell" is not equivalent to statutory language which includes intent "to distribute."

record, but without providing substantive explanation, the court denied Defendant's motion.

On appeal, Defendant reiterates the substance of his previous motions. He maintains, as best we can tell, that his enhanced sentence should be remanded to the district court for re-sentencing.

The government argues that Defendant's motion was not properly before the district court; as a consequence, we do not have subject-matter jurisdiction to hear Defendant's appeal. According to the government, the district court lacked jurisdiction for at least two reasons. First, if Defendant's motion were construed as a section 2255 motion, it would amount to a fourth successive (non-certified) motion; the district court would lack jurisdiction. See 28 U.S.C. § 2255, cross-referencing 28 U.S.C. § 2244 (as amended). Second, even if the court construed Defendant's motion as a 28 U.S.C. § 2241 motion filed pursuant to the section 2255 "savings clause," Defendant's motion substantively fails.

The ground on which the district court denied Defendant's motion is unclear. Although we urge district courts to explain their reasoning, see Clay v. Equifax, Inc., 762 F.2d 952, 957–58 (11th Cir. 1985), we may affirm the district court's decision on any ground supported by the record. See Bircoll v. Miami-Dade County, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

The record fully supports our inability to hear Defendant's appeal based on either ground. As the government noted, Defendant's section 2255 motion to vacate his sentence was denied on the merits in 2003. We denied a COA in 2003, and we again denied Defendant the ability to file a successive motion after the 2004 denial of a Fed. R. Civ. P. 60(b) motion (construed as a section 2255 motion to vacate). On appeal, Defendant asserts the same substantive argument: that his prior convictions improperly qualified him for an enhanced sentence. But without our certification, Defendant's successive section 2255 motion cannot be presented properly to the district court or appealed to this court.

Moreover, we lack jurisdiction to hear Defendant's motion even if it were construed as a section 2241 motion pursuant to the "savings clause." The record does not indicate that Defendant argued even the threshold savings clause issue: that his claim is based on a retroactively applicable Supreme Court decision. See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Thus, Defendant's motion does not qualify as a section 2241 petition under the section 2255 savings clause; neither the district court nor this court has jurisdiction to consider it.

AFFIRMED.